IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRENCE J. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | Case No. CV 08-529-N-EJL |
| ) | |
| vs. ) | |
| ) | **INITIAL REVIEW ORDER** |
| CHRIS COLSON; JUANITA ) | |
| HUTCHISON; OLIVIA CRAVEN, and ) | |
| THE PAROLE COMMISSION, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff's pro se Complaint was conditionally filed due to his status as an inmate and his in forma pauperis request. He has also filed an Amended Complaint. Plaintiff's pleadings are subject to review by the Court to determine whether any claims should be dismissed under 28 U.S.C. §§ 1915 or 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

### REVIEW OF COMPLAINT

**A.     Standard of Law**

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 and 1915A. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state

**INITIAL REVIEW ORDER  1**

a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  §§ 1915(e) and 1915A.

Plaintiff bring his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B.     Discussion**

All of Plaintiff's claims in his Amended Complaint challenge actions taken by state officials during parole revocation proceedings and during the processing of his subsequent requests for reconsideration in Self-Initiated Progress Reports (SIPR).

Specifically, Plaintiff alleges that after he was placed on parole, his parole officer increased Plaintiff's restrictions and required him to undergo a polygraph test.  The parole officer later had Plaintiff arrested for parole violations.  Plaintiff alleges that the parole officer lied about the case, that he was unable to confront adverse witnesses, and that the Idaho Parole Commission (Commission) failed to record meetings and hearings.  He further alleges that after he was re-incarcerated, he sought parole again through three SIPRs, but that they were rejected without due consideration by the Commission.  He argues that these facts constitute violations of his right to due process, his right to be free from double jeopardy, and his right to be free from cruel and unusual punishment.

**INITIAL REVIEW ORDER  2**

These claims are essentially identical to the claims that Plaintiff raised in a previous Complaint, which was dismissed by this Court without prejudice. *See* Case No. CV 08-135-S-EJL. Relying on *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court concluded that because Plaintiff was "challenging the merits of the parole revocation decision and the length of his sentence," he could not bring such claims in a civil rights action until he "successfully challenges his parole revocation via a state avenue of relief or federal habeas corpus." *See* Case No. CV 08-135-S-EJL, Docket No. 8, pp. 3-4. Because he had failed to show such a successful result, his claims were subject to dismissal under *Heck v. Humphrey*. *See Id.*

The same analysis holds true with the Amended Complaint in the present case. While Plaintiff is currently pursuing state habeas corpus actions that include similar parole-related claims, he has yet to receive a final judgment in his favor on the merits.[1] Accordingly, the Amended Complaint is subject to dismissal without prejudice on the same basis as before.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's case is DISMISSED without prejudice.

---

[1] Plaintiff contends that a district judge in Idaho's Second Judicial District "reversed and remanded" a magistrate judge in Case No. CV 2007-464. An examination of the district judge's Memorandum Decision indicates that while he concluded that the magistrate had erred in finding that res judicata precluded re-litigation of the issues, he further determined that Plaintiff was not entitled to relief on the merits because "Mr. Matthews was afforded all the process to which he was due in his SIPR proceedings." Attachment to Amended Complaint, Memorandum Decision and Order, p. 8-11.

**INITIAL REVIEW ORDER  3**

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 1) is MOOT.

DATED: **January 29, 2009**

~~Honor~~able Edward J. Lodge
U. S. District Judge

**INITIAL REVIEW ORDER 4**